IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **KACEY KIMBROUGH,** Special Administrator of the Estate of Shawn Thomas Kimbrough;<br><br>**Plaintiff,**<br><br>vs.<br><br>**CHRISTOPHER JAMES GORHAM, JENNINGS PLANT SERVICES, LLC, and HOPE COOPERATIVE CARE, INC.,**<br><br>**Defendants.** | **8:21CV35**<br><br>**FINDINGS AND RECOMMENDATION** |

On January 23, 2023, this Court entered an Order permitting counsel for Jennings Plant Services, LLC ("JPS") to withdraw from his representation. (Filing No. 82). Withdrawing counsel filed a Certificate of Service certifying he provided a copy of the Order to JPS by U.S. Mail on January 31, 2023, and by email to Spencer and Tarin Jennings. (Filing No. 86). The Order informed JPS that it cannot appear unrepresented in this court without licensed counsel. See *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."). Therefore, the Court ordered JPS to obtain the services of new counsel and have that counsel enter an appearance on its behalf by February 24, 2023. The Court warned JPS, "If substitute counsel does not enter an appearance by [February 24, 2023], the Court may file an entry and/or judgment of default against it without further notice." (Filing No. 82 at p. 2).

Substitute counsel did not enter an appearance for JPS by the February 24, 2023, deadline. Therefore, on February 28, 2023, the Court entered an Order to Show Cause requiring JPS to show cause why judgment should not be entered against it for failure to obtain licensed counsel and to comply with the Court's Order. (Filing No. 91). JPS was given until March 14, 2023, to show cause. The Order to Show Cause was mailed to JPS's business address and to its registered agent. The order was not returned as undeliverable. To date, no attorney has filed an appearance on behalf of JPS and JPS did not respond to the show cause order. "[T]he law does not allow a corporation to proceed pro se," and a corporation appearing in this court without counsel is "technically in default." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852,

857 (8th Cir. 1996). Under the circumstances, the undersigned magistrate judge will recommend that a default and/or default judgment be entered against JPS without further notice. See, e.g., *Hillesheim v. SNA LLC*, 8:18cv562, [Filing No. 9](#) (D. Neb. May 22, 2019) (Zwart, M.J.) (recommending default and/or default judgment be entered against limited liability corporation for failure to obtain licensed counsel and failure to comply with show cause order); accord *Lambert Vet Supply, LLC v. Martin et al.*, 4:14cv3129, [Filing No. 53](#) (D. Neb. June 20, 2016) (Zwart, M.J.). Accordingly,

**IT IS HEREBY RECOMMENDED** to the Honorable Brian C. Buescher, United States District Court Judge, pursuant to 28 U.S.C. § 636(b), that a default and/or default judgment be entered against Jennings Plant Services, LLC without further notice.

The Clerk of Court shall mail notice of this Order to Jennings Plant Services, LLC at

> 4675 Sunset Drive,
> Blair, Nebraska 68008

and to

> David V. Drew, Registered Agent,
> 1612 Lincoln St.
> P.O. BOX 462
> Blair, NE 68008

Dated this 15th day of March, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.