IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KACEY KIMBROUGH, Special Administrator of the Estate of Shawn Thomas Kimbrough,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER JAMES GORHAM; JENNINGS PLANT SERVICES, LLC; and HOPE COOPERATIVE CARE, INC.,<br><br>Defendants. | 8:21CV35<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION REGARDING DEFAULT OF JENNINGS PLANT SERVICES, LLC |

This case is before the Court on the March 15, 2023, Findings and Recommendation by United States Magistrate Judge Michael D. Nelson recommending that a default and/or default judgment be entered against Jennings Plant Services, LLC, (JPS) without further notice. Filing 93. No objections have been filed.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district court must review *de novo* the parts of a magistrate judge's findings and recommendation on a dispositive matter to which timely objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . . ."). On the other hand, neither the applicable statute, rule, nor case law requires the Court to conduct a *de novo* review of a magistrate judge's findings and recommendation when no objections are filed. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the

1

magistrate judge's disposition that has been properly objected to."); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining that nothing in § 636(b)(1) requires a district judge to apply some lesser standard of review than de novo when no objections are filed). Nevertheless, the Court deems it prudent to review the Findings and Recommendation at least for clear error. *See, e.g., Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*; Fed. R. Civ. P. 72(b)(3). Because the lack of an appearance by counsel is apparent from the docket, Judge Nelson was not required to hold any hearing before recommending entry of default or default judgment against JPS.

The Court finds no clear error in this case. As Judge Nelson explained and the record shows, JPS was given notice after its counsel was allowed to withdraw that it could not appear in this action unrepresented by licensed counsel. See *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). *See* Filing 82 (providing such notice). Likewise, the record shows that JPS received a warning that failure of counsel to appear could result in entry of default and/or default judgment without further notice, no counsel appeared for JPS. *See* Filing 82 (providing such notice). Judge Nelson then issued an Order to Show Cause why default and/or default judgment should not be entered against JPS for failure to appear through counsel and failure to comply with the Court's Order. Filing 91. Reasonable steps were taken to ensure JPS had notice of that Order to Show Cause. Filing 93 at 1. Nevertheless, no counsel appeared for JPS and JPS filed no other response to the Order to Show Cause by the specified deadline of March 14, 2023. Judge Nelson

then entered the Findings and Recommendation now before the Court. Filing 93. The time has run for any objections to the Findings and Recommendation, but no such objections have been filed. Under the circumstances, the entry of default and default judgment against JPS are clearly appropriate.

Accordingly,

IT IS ORDERED that

1. the March 15, 2023, Findings and Recommendation by United States Magistrate Judge Michael D. Nelson, Filing 93, is accepted in its entirety;

2. the Clerk of Court shall enter the default of defendant Jennings Plant Services, LLC, (JPS) on the record;

3. upon the entry of default by the Clerk of Court, this Court shall enter default judgment against JPS without further notice.

Dated this 31st day of March, 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge

3